## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:23-CV-00074-FDW-SCR

**AMY KENNEDY, individually and on behalf of a class of all persons and entities similarly situated,**

          **Plaintiff,**

  v.

**HEALTH PLAN FREEDOM, INC.,**

          **Defendant.**

## PROTECTIVE ORDER

**THIS MATTER** is before the Court upon the parties' Joint Motion for Entry of Protective Order ("Motion") in the above-captioned case. For good cause shown and with consent of the parties, the Court hereby **GRANTS** the Motion and enters the following Protective Order ("Protective Order") to govern discovery and the exchange of documents, electronic data, things, information, testimony, and/or other evidence that the parties may consider to be confidential information:

1.    **Scope.** All documents and data, including electronically stored information, to be filed or filed by the parties or produced in the course of discovery, all responses to discovery requests, subpoena responses, and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery shall be subject to this Protective Order.

2.    **Purpose.** Documents, data, and information specified herein shall be entitled to protection from disclosure as provided in this Protective Order. All documents, data, and information initially obtained through discovery in this action shall be used only for the purpose of prosecuting or defending this action.

3. **"Confidential Information" Defined.** "Confidential Information," as used in this Protective Order, refers to sensitive, non-public information, whether documentary or otherwise, that is designated as "Confidential Information" and delivered or produced by any party in the course of discovery, and that a party deems in good faith to contain proprietary, technical, financial, sensitive, or confidential personal, research, development, business, or commercial information that is not publicly available, including that which may be obtained or produced by any non-party pursuant to a subpoena in this action.

4. **Access to Confidential Information.** Access to Confidential Information shall be restricted to the following persons:

    a. parties to this action and the officers, directors, managers, general partners, limited partners, and employees of the parties who are directly participating in the prosecution or defense of this litigation;

    b. counsel for the parties to this action and such firms' attorneys and staff;

    c. any person specially employed or engaged in this action by a party or its attorneys as an expert, consultant, or vendor;

    d. the Court and its personnel;

    e. court reporters and videographers, and their employees, retained to transcribe or record depositions and court proceedings in this matter;

    f. private arbitrators and mediators;

    g. actual or potential deposition, hearing, or trial witnesses in this action, but only to the extent reasonably necessary to prepare the witness to testify or to question the witness at said deposition, hearing, or trial and only if such person(s) shall have first agreed to be bound by the terms of this Order as provided in Exhibit A attached hereto and made part hereof;

h. any person who is indicated on the face of a document to have been an author, addressee, or recipient of the document, or the source of the information; and

i. any other person as agreed upon by the party or non-party producing the Confidential Information material in writing or as otherwise authorized by the Court.

Nothing in this Protective Order prevents a party or non-party from utilizing its own documents however designated in any manner without the necessity of consent from any party or non-party.

5. **Exhibit A to Protective Order.** Persons identified in paragraphs 4(c), 4(f), 4(g), and 4(i) above shall be provided documents designated as Confidential Information under this Protective Order only after they have agreed in writing to be bound by the terms of the Protective Order by signing the form attached hereto as "**Exhibit A**." Persons identified in paragraph 4(f) above shall only be required to sign the attached form to the extent not otherwise covered by such arbitrator or mediator's signed engagement letter.

6. **Designation of Materials as Confidential Information.** To designate materials (whether in hard copy or electronic form) as Confidential Information, the party producing that information shall mark the material as "Confidential Information" or "Confidential" or a similar marker indicating that the documents are confidential. For hard copy or electronic materials that are produced in a graphical form, the word "CONFIDENTIAL" shall appear on every page at the time of production. For electronic or other materials that cannot be produced in a graphical form, the party producing the materials shall inform counsel for all parties or non-parties (or the parties/non-parties themselves, if not represented) at the time of production that the material is Confidential Information.

3

Case 3:23-cv-00074-FDW-SCR   Document 16   Filed 05/08/23   Page 3 of 12

7. **Documents and Materials Produced by Non-Parties.** Non-parties subpoenaed to produce documents shall be provided a copy of this Protective Order and advised that they are permitted to produce information subject to its terms. The party that served the subpoena shall provide all other parties notice of receipt of material produced in compliance with the subpoena and shall permit inspection or provide copies upon request of any party. Upon receipt of the subpoenaed material and for a period of thirty (30) days after the subpoenaed materials have been received by all counsel, each party shall have the right to designate some or all of those materials as Confidential Information. Counsel for all parties shall treat all materials produced in response to the subpoena as if they are Confidential Information during the time for designation as set forth hereinabove.

8. **Demands for Production by Non-Parties.** No Confidential Information materials or portions of such materials shall be disclosed to any governmental agency or otherwise made public, specifically including posting on the Internet, except in compliance with the terms of this Protective Order. In the event that a person or party who has received Confidential Information receives a demand, subpoena, or other request to produce any Confidential Information from any non-party, including any government agency or judicial body, that person or party shall promptly notify the party that originally designated the materials as Confidential Information, subpoena, or other request, and shall not—unless otherwise ordered by a Court of appropriate jurisdiction—produce the requested materials without first giving the designating party or designating non-party an opportunity to oppose the requested production. Nothing in this paragraph or Protective Order shall prohibit production of Confidential Information to a non-party, if prohibiting production would violate any other applicable law.

If a person or party who has received Confidential Information receives a demand, subpoena, or other request to produce any Confidential Information or and disclosure of that demand, subpoena, or other request would violate any applicable law, that person or party need not notify the party that originally designated the materials Confidential Information of the demand, subpoena, or other request, and that person or party may produce the requested materials without giving the designating party or designating non-party an opportunity to oppose the requested production.

9. **Inadvertent Production of Confidential Information.** Production of documents without prior designation as Confidential Information shall not be deemed a waiver, in whole or in part, of the right to designate documents as Confidential Information. In the event that the producing party or non-party fails to designate discovery material as Confidential Information it may make such a designation subsequently by notifying all parties to whom such discovery material was produced, in writing, as soon as practicable. After receipt of such notification, the parties or non-parties to whom production has been made shall treat the designated discovery material as Confidential Information subject to its right to dispute such designation in accordance below. Use or disclosure of such subsequently designated documents prior to designation shall not be a violation of this Protective Order.

10. **Effect of Production on Attorney-Client Privilege and Work Product Immunity.** In accordance with Federal Rule Evidence 502(d), if a party or non-party produces information subject to a claim of attorney-client privilege, work-product protection, or any other legal privilege protecting information from discovery, such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection or other protection recognized by law with respect to the produced information or its related subject matter,

5

either in this case or in any other court or legal proceeding; provided that the producing party shall, upon discovery of the production, promptly notify the receiving party in writing of such production.

If a party or non-party discovers that it has produced such privileged or protected information, the party or non-party may assert the claim by: (1) notifying all Parties in writing of the disclosure; and (2) identifying by Bates Number or other applicable identifiers any such privileged or protected information that was produced.

Upon notice and request, such produced documents and all hard copies thereof, shall be returned to the producing party or non-party or destroyed, as appropriate, and such returned or destroyed produced documents shall be deleted from any litigation-support or other database, except should counsel for a receiving party in good faith believe that a privilege or protection does not attach, counsel for the receiving party may retain one copy of each such produced document only for the purpose of challenging the assertion of protection, immunity, or privilege, which challenge shall be made as soon as reasonably practicable. Pending a ruling by the Court that the privilege or protection asserted does not apply, the produced documents or information shall not be used, disclosed, or disseminated, including during deposition or at trial, nor shall the documents or information be shown to anyone who was not given access to them prior to the request to return or destroy them.

Nothing in this provision shall prevent a party from challenging the applicability of the claimed privilege after such material has been returned. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

11. **Depositions.** In the case of deposition testimony, Confidential Information designations may be made during the deposition, and in any event shall be made within thirty (30) days after the final transcript has been served by the court reporter. Counsel making the designation shall specify the testimony being designated confidential by page and line number(s). The deposition testimony shall be treated as confidential until final designations are made within thirty (30) days after receipt of the final transcript. Documents marked as exhibits during the deposition that have been designated as Confidential Information shall retain their designation without the necessity of re-designation pursuant to this paragraph.

12. **Protection of Confidential Information.** Documents or materials designated Confidential Information under this Protective Order shall not be used or disclosed by the parties or counsel for the parties for any purposes other than the prosecution, defense, or appeals of this litigation.

13. **Filing and Use at Hearing.** In the event that a party in this action or a non-party wants to file or submit to the Court any document or material designated as Confidential Information by any other party or non-party, that party shall first notify the designating party and attempt to reach an agreement regarding the filing of such document, material, or information in a manner other than under seal. If the parties cannot reach agreement on that point, the party shall file the information provisionally under seal pursuant to a motion made under Local Civil Rule 6.1, indicating in its motion that the party has conferred with the designating party and has been unable to reach agreement on use of the Confidential Information. If the designating party desires to make a submission to the Court that contains Confidential Information and it further believes the submission should be filed under seal, it shall file a motion with the Court in accordance with Local Civil Rule 6.1. If the designating party is not the same party desiring to make the submission

to the Court of Confidential Information the party making the submission shall provisionally file the submission under seal; however, for the designated material to remain Confidential Information and remain under seal, the designating party shall file a motion in a manner consistent with Local Civil Rule 6.1 within seven (7) days of the document filed under seal. Until the Court rules on the sealing motion, any document provisionally filed under seal shall be treated as Confidential Information until the Court rules on the motion to seal, at which point the Court's order shall control.

14. **Challenges to Designation as Confidential Information.** In the event that a party objects to the designation of materials as Confidential Information, the objecting party shall advise the designating party, in writing, preferably by electronic mail, of such objection and the reasons therefor. Pending resolution of the dispute, all of the materials shall be treated as designated as Confidential Information. A party designating materials as Confidential Information shall have five (5) business days to respond to any such objection. If the dispute cannot be resolved among the parties after ten (10) business days, the party designating the document or materials as Confidential Information may submit a motion regarding such designation with the Court. The burden to sustain the Confidential Information designation is on the designating party.

15. **Scope of Discovery.** This Protective Order shall not enlarge or diminish the proper scope of discovery in this action, nor shall this Protective Order imply that discovery or other material designated as Confidential Information under the terms of this Protective Order is properly discoverable, relevant, or admissible in this action or any other litigation.

16. **Treatment at Conclusion of Litigation.** The terms of this Protective Order shall survive and remain in effect after the termination of this action, and the Court shall retain the jurisdiction necessary to enforce the terms of this Protective Order. The parties shall take

necessary measures to prevent the public disclosure of Confidential Information, inadvertent or otherwise, after the conclusion of this action.

17. **Return of Confidential Information.** Within sixty (60) days after the termination of this litigation as to all parties, whether by adjudication on the merits, including appeals, or settlement, all hard copies and electronic copies of Confidential Information provided by the designating party shall be returned to the designating party or destroyed at the option of the receiving party, except for one copy retained in the file of counsel. This provision shall not apply to require destruction or return of work product or documents that incorporate or reference Confidential Information, including deposition transcripts, attorney notes, briefs, a complete set of pleadings and attachments, and a complete set of depositions and attachments.

18. **Treatment of a Party's Own Confidential Materials.** Any party may expressly waive in writing the applicability of any provision of this Protective Order to any of the party's own Confidential Information. The waiver will apply only to the designated Confidential Information, or to portions to which the applicability of any provision of this Agreement is expressly waived. A partial waiver as to certain Confidential Information or portions of it does not constitute a waiver as to the remainder of the Confidential Information materials.

19. **Order Subject to Modification.** This Protective Order shall be subject to modification on the motion of any party. The Protective Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the modification.

20. **No Judicial Determination or Waiver.** This Protective Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Protective Order shall be construed or presented as a waiver by any party or a judicial determination that any specific document or item of information designated as

Confidential Information is subject to protection until such time as a document-specific ruling has been made.

**SO ORDERED.**

Signed: May 8, 2023

Susan C. Rodriguez
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| AMY KENNEDY, individually and on behalf of a class of all persons and entities similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> HEALTH PLAN FREEDOM, INC. <br><br> Defendant. | Case No.: 3:23-cv-74-FDW-SCR <br><br> **ACKNOWLEDGEMENT OF CONSENT PROTECTIVE ORDER** |

I, _____, hereby affirm that:

1. Information, including documents and things designated as CONFIDENTIAL INFORMATION as defined in the Consent Protective Order ("Protective Order") entered in the above-captioned action, is being provided to me pursuant to the terms and restrictions of the Protective Order.

2. As a prior condition to me being permitted to receive, see, or review any Confidential Information, I have been given a copy of the aforementioned Protective Order, I have read it, and I agree to be bound by its terms.

3. I understand that the Protective Order is a Court order that is legally binding on me. I hereby agree to submit to the jurisdiction of the United States District Court for the Western District of North Carolina, for enforcement of any claimed violation of the terms of the Protective Order or this Acknowledgement, and I agree that such jurisdiction shall survive the termination of

this action.

4. I agree not to use any Confidential Information disclosed to me under the Protective Order except for purposes of the above-captioned litigation and not to disclose such information to persons other than those specifically authorized by the Protective Order without the express written consent of the party who designated such information CONFIDENTIAL INFORMATION or by order of this Court. I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Protective Order and its binding effect on them.

                    _____
Signature

Printed Name:_____

Date:_____